IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AMY H. JONES,

    Plaintiff,

v.                                                        CASE NO. 1:13-cv-205-MW-GRJ

HSBC BANK USA, N.A.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing Doc. 1, a *pro se* complaint purporting to allege violations of the Fair Debt Collection Practices Act. (FDCPA.) Pending before the Court are Docs. 3 and 5, entitled Plaintiff's Motion for Emergency Stay (TRO) to Stop Eviction of Wrongful Foreclosure, and Plaintiff's Motion for Emergency Hearing, respectively. Plaintiff's claims apparently stem from ongoing state civil proceedings which have resulted in the foreclosure and forced sale of her home. Plaintiff represents in her motion that she will be evicted on Friday, October 18, 2013, and requests the Court to enter an order staying the pending eviction proceedings and setting an emergency hearing so her claim can be heard in federal court.

Plaintiff is not entitled to the relief requested in her motion for several reasons. First, the Court lacks subject matter jurisdiction to issue an order staying or enjoining ongoing or concluded state proceedings Plaintiff requests the Court to stay or enjoin a pending state court eviction action in the Eighth Judicial Circuit in and for Levy County, Florida, which action presumably relates to a foreclosure of the mortgage referenced in Plaintiff's complaint.

To the extent that Plaintiff is asking this Court to overrule the orders issued by a Florida state court in a case in which the state court has already issued judgment the Court is precluded from doing so under the *Rooker/Feldman* doctrine. *District of Columbia Ct. Of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). "[A]ccording to the *Rooker-Feldman* doctrine, 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" *Powell v Powell,* 80 F. 3d 464, 466 (11th Cir. 1996)(*quoting District of Columbia Court of Appeals v. Feldman,* 460 U.S. at 482).

To the extent that the Plaintiff wants this Court to prevent the enforcement of orders in state court proceedings that are ongoing, this Court cannot do so under the *Younger* abstention doctrine. *Younger v. Harris,* 401 U.S. 37 (1971). This abstention doctrine is based on a "strong federal presumption against federal interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. V Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982). Thus, in the interests of comity, federal courts, like this court, will abstain from becoming involved in state court proceeding with few exceptions.

This Court's ability to enjoin state court proceedings is also limited by the Anti-Injunction Act, 28 U.S.C. § 2283, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." None of these narrow exceptions are present in the instant case.

However, even assuming that the Court did possess jurisdiction to issue an

injunction, Plaintiff has failed to comply with the Federal Rules of Civil Procedure to obtain a temporary restraining order. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the adverse party only if:

> [S]pecific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has made no attempt to certify any efforts she has made to give notice to Defendant or why notice should not be required. Accordingly, her motion does not comply with Rule 65(b)(1)(B) and is procedurally defective on its face.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Emergency Stay (TRO) To Stop Eviction of Wrongful Foreclosure (Doc. 3) should be **DENIED** and Plaintiff's Motion for Emergency Hearing (Doc. 5) also should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida this 16th day of October 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**